PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __Southern__ DISTRICT OF TEXAS

__Houston__ DIVISION

*United States Courts Southern District of Texas FILED APR 23 2015 David J. Bradley, Clerk of Court*

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__Steve Vic Parker AKA Jerry Wilson__
PETITIONER
(Full name of Petitioner)

__Holliday Unit T.D.C.J. 295 IH-45 North Huntsville, Tx. 77320__
CURRENT PLACE OF CONFINEMENT

vs.

__#01680866 / #00590690__
PRISONER ID NUMBER

__William Stephens, Director__
RESPONDENT                 __T.D.C.J.I.D.__
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_____
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] ~~A judgment of conviction or~~ **Void** sentence, (Answer Questions 1-4, 5-12 & 20-25) probation or deferred-adjudication probation.
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- [x] Other: **Void Sentence, Due Process** (Answer Questions 1-4, 10-11 & 20-25) **Double Jeopardy, Aggravated Perjury**

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: →

   **19th District Court of McLennan County Waco, Texas**

2. Date of judgment of conviction: _____

3. Length of sentence: **Two Concurrent (7) Seven Year Sentences**

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:

   **Cause No.# 2010-0447-C1**

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☑ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __Tenth Court of Appeals__   Cause Number (if known): __10-10-00381-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __December 07th, 2011__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __Falsely Arrested, No Complaint, No Arrest Warrant, Denied Access to Ct., Falsely Imprisoned, Conv. And Sent. Void, Due Process, Ineffective Counsel, Illegally Stacked Sentences.__

   Result: __Refused__

   Date of result: __July 09th, 2012__   Cause Number (if known): __PD-0062-12__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __19th District Court McLennan County__

    Nature of proceeding: __Writ of Habeas Corpus__

    Cause number (if known): __Trial Court No.# 2010-0447-C1A__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: November 25th, 2011

Grounds raised: "Illegally Stacking Order" Among other grounds

Date of final decision: January 11th, 2012

What was the decision? Dismissed because Direct App. was Pending

Name of court that issued the final decision: Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: 19th District Court

Nature of proceeding: Habeas Corpus   No.# 2010-735-CV

Cause number (if known): 2010-447-C1B / C.C.A. No# WR-22-317-15

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: March 18th, 2013

Grounds raised: Actual Innocent, False Arrest Non-Existant Offense

Date of final decision: June 19th, 2013

What was the decision? Denied Without Written Order

Name of court that issued the final decision: Court of Criminal Appeals of Tx.

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

(b) Give the date and length of the sentence to be served in the future: N/A

-4-

**Third Petition:**

Name of Ct. __19th District Court__

Nature of Proc. __Habeas Corpus__

Cause No# __2010-447-CIC / WR-22-317-16__

Date (Month, day, year) filed: __May 07th, 2013__

Grounds Raised: __Actual Innocents, False Arrest Non-Existant Offense__

Date of decision: __September 11th, 2013__

Name of Ct. that Issued decision: __Tx. Ct. of Criminal Appeals__

What was the decision: __Denied Without Written Order__

↓ **RELEASED AND RE-ARRESTED** ↓

**Forth Petition:**

Name of Ct. __19th District Court__

Nature of Proc. __Habeas Corpus__

Cause No# __2010-447-CID / C.C.A. No# WR-22-317-20__

Date (mo. day, year) filed: __May 16th, 2014__

Grounds Raised: __Sentences Started and Stopped, Void Sentence, Falsely Arrested, Due Process, Aggravated Perjury__

What was the decision: __Denied Without Written Order__

Date of Decision: __February 11th, 2015__

Name of Ct. that Issued Decision: __Ct. of Crim. App. of Tex.__

4A.

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☑ No

**Parole Revocation:** "Acquitted"

13. Date and location of your parole revocation: SEPT. 30th, 2013

location: Holliday Unit T.D.C.J 295 IH-45 N. Huntsville, TX. 77320

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☑ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days? ☑ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

—5—

Date of Result: ~~_____~~

Step 2  Result: ~~_____~~

Date of Result: ~~_____~~

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** Void Sentence, Sentence Started And Stopped

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"Please See Attached Page 11, Statement Of Facts"

"Grounds For Relief"

B.  **GROUND TWO:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~~_____~~

—6—

C. **GROUND THREE:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

21. Relief sought in this petition: _____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____N/A_____

_____N/A_____

_____N/A_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____N/A_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

-8-

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]



N/A

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____N/A_____
Signature of Attorney (if any)

_____N/A_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__March 23rd, 2015__ (month, day, year).

Executed (signed) on __March 23rd, 2015__ (date).

Steve Vic Parker #01680866
-AKA- Jerry Wilson #590690
Signature of Petitioner (required)

Petitioner's current address: __Holliday Unit T.D.C.J.I.D.__
__295 IH-45 N.      Huntsville, Texas 77320__

I, Steve Vic Parker -AKA- Jerry Wilson, do hereby solemnly swear under penalty of perjury that the above and fore-going Writ of Habeas Corpus is the EXACT Duplicate of the original that was placed in T.D.C.J. Holliday Unit's U.S. mail system on March 23rd, 2015, addressed to the Honorable Southern District, U.S. Dist. Court Houston Division, pursuant to 28 U.S.C. sec. 1746.

Executed and Signed on this the April 20th, 2015

Steve Vic Parker #01680866
-AKA- Jerry Wilson #590690
Petitioner

—10—

cc:# ■03

GROUND ONE: Illegally Restrained And Confined Under A Void Sentence, Sentence CORRECTly Started And Stopped And Illegally Restarted, in Direct Violation of U.S.S. Const. 4th, 5th And 14th Amend. Due Process of Law And Double Jeopardy And the Texas Const. Art 1. sec. 10, Art. 1, sec. 19: Also See: Texas Law Art. 42.08(a) C.C.P. And Texas Gov. Code sec. 508.150(b)

A. On February 05th 1990, Appl. was Arrested in Bell County (Belton) Texas And charged under the Name Jerry Wilson with the felony Offense of UnAuthorized Use Of A Motor Vehical.

B. And On April 25th, 1991, the Appl. was Convicted under the Name Jerry Wilson After Pleading Guilty to the said Offense of U.U.M.V. And sentenced to the Max Term of (20) Twenty years in the custody of T.D.C.J.I.D.

C. The Appl. Has since been Released from the phyical custody of T.D.C.J.I.D. under this conviction, sentence And this Cause No. #39,082 on (3) three seperate occasions; Once (1) On Approved Parole Supervision by Vote of the Texas Board of Pardons And Paroles. "Cease To Operate", And Twice (2) On Statutory Mandatory Supervion Release.

D. Then Approx. (20) Twenty years Later, And After this conviction had Officially "Cease To Operate", On February 02nd, 2010, while the Appl. was lawfully At Liberty on Statutory Mandatory Supervision, the Appl. was Arrested in McLennAn County (Waco) Texas under the Name of Steve Vic Parker And charged with (2) Two Counts Of Theft Less Than $1,500 with Prior Convictions.

11.

E. Then on October 13th, 2010, under Cause No.# 2010-447-C1 And Name Steve Vic Parker, the Appl. was convicted by a Jury in the 19th District Court of McLennan County for the (2) two counts of Theft. And the Appl. was Assessed (2) Two Concurrent (7) seven year sentences to be served in the T.D.C.J.I.D. The 19th District Court Judge then Ordered that the (2) Two Concurrent (7) seven year sentences to be Stacked or Consecutive on Top of the Bell County Cause No. # 39,082.

F. Then on November 05th, 2010, After this Conviction in McLennan County under this Cause No.# 2010-447-C1, the Texas Parole Board Revoked the Appl. Statutory Mandatory Supervision on the Bell County Cause No.# 39,082.

G. Then on December 15th, 2010, the Appl. was Transferred from the McLennan County Jail to the custody of T.D.C.J.I.D. "Gurney Unit." And upon Arrival at the Gurney Unit Intake Facility, the Appl. was Properly And Correctly Identified as Steve Vic Parker And Correctly Processed into the prison system.

H. And the Appl. was Properly And Correctly Issued A New I.D. No.# 01680866. Towhich Correctly Begin And Started the (2) two Concurrent (7) seven year sentences under this Cause No# 2010-447-C1 to Correctly Begin Operation. Atwhich At that Exact Same Instant the Operation of (20) Twenty year Bell County Conviction "Cease To Operte" And was Correctly Stopped.

I. Then Approx. (1) one month After the completion of the Intake Process, on January 18th, 2011, T.D.C.J.I.D. Re-Processed the Appl. And In-Correctly Switched the Appl. Back to the Bell County Cause No# 39,082, under the Name Jerry Wilson And I.D. No.# 590690. Towhich Incorrectly Re-Started the (20) Twenty year Bell County Cause No.# 39,082 Back To Operation.

"AT THIS POINT BOTH CONVICTIONS BECAME VOID."

## GROUND NO. #Two:

Illegally Restrained And Confined of his Liberty in the Custody of T.D.C.J.I.D. Held On A Void Sentence After being Wrongfully Re-Arrested without Justification in Direct Violation of the United States Const. 4th And 14th Amend. Due Process of Law, Also in Violation of the Texas Const. Art. 1, sec. 10 And Art. 1, sec. 19; Also in direct Violation of Current Texas Law Art. 42.08(a) C.C.P. "Cease To Operate" And Tex. Gov. Code sec. 508.150(b); Also see Art. 42.18 sec. 8(c) C.C.P.

A. Then Approx. (2) Two years later, After the Error by T.D.C.J. I.D. And After the Intentional Perjury was committed by T.D.C.J.C.R.O. Time Dispute Office.

B. On March 27th, 2013, T.D.C.J. Classifications And Records Office (Again) Re-Calculated the Same Consecutive Sentences, And Again the Substantual Error Was Corrected.

C. And because the Appl's Original Bell County Conviction (Cause No. #39,082) Has Already "Cease To Operate"; by Prior Parole Approval And Release by Vote from the Texas Board of Pardons And Paroles. The Appl's Consecutive Sentences Were correctly Unstacked And Changed to Concurrent.

D. Then On April 11th 2013, After the Proper correction was made, the Appl. Was Released from the Physical Custody of T.D.C.J. I.D. to Statutory Mandatory Supervision under Both Convictions And under Both the Bell County Cause No. #39,082 And under this Cause No. # 2010-447-C1. Both On the same Contract Release Certificate. (Please See Attached Memorndum)

E. Also On the same Release Certificate Contract the Appl. Was Released under the Name Jerry Wilson And this I.D. No. # 590690, With this Cause No. # 2010-447-C1 As the Controling sentence Length. (See Attached Memorandum)

#13.

F. The Appl. then Remained At Liberty on Statutory Mandatory Supervision for A Total of 79 days. Then on June 26th, 2013, T.O.C.J.C.R.O. (Again) Recalculated the same consecutive sentences And (Again) Incorrectly Re-Stacked Them.

G. Then on June 27th, 2013, The Texas Parole Board (B.P.P.) Issued An Ineligible Release Warrant for the Appl.'s Re-Arrest. And on June 28th, 2013, the Warrant was Executed. And on July 17th, 2013, the Appl. was Transferred Back into the Physical Custody of T.D.C.J. Holliday Unit.

H. Then on September 30th, 2013, Over (90) Ninety days After the Appl.'s Re-Arrest, the Appl.'s WAS FINALLY brought before the B.P.P. Hearing Officer for An Ineligible Release Hearing. And (4) four days After the Hearing Concluded, on October 04th, 2013, the Appl. WAS Acquitted for the Allegation of being Ineligible Released by the B.P.P. Hearing Officer.

I. The B.P.P. Hearing Officer Specifically Ordered in his Written Response, Quote; "I Find That The Offender HAS MET THE ELIGIBILITY DATE FOR RELEASE ON ALL OFFENSES". Unquote

J. Therefore the Appl. should have been Immediately Released Right Then. The Appl. Statutory Mandatory Supervision WAS NOT REVOKED, And It IS STILL VALID TODAY.

14.

Ground Two: Illegally Restrained And Confined in the Custody of T.D.C.J.I.D. in Direct Violation of Due Process of Law in the Ineligible Release Hearing Process, pursuant to the United States Constitution 4th And 14th Amend.; Also in direct Viol. of the Texas Const. Art. 1, sec. 10, Also see: Tex. Gov. Code sec. 508.281 And sec. 508.282; And B.P.P. Policy And Procedure

A. On April 11th, 2013, After the Appl. WAS Lawfully Released from the phyical custody of T.D.C.J.I.D. to Mandatory Supervision under this Cause No.# 2010-447-C1 And Cause No.# 39,082 Both on the same Release Certificate Contract And under the Name Jerry Wilson I.D. No.# 590690.

B. The Appl. then Remained At Liberty on Mandatory Supervision for A Total of 79 days. Then on June 27th, 2013, the Texas Parole Board Issued An Ineligible Release Warrant. And on June 28th, 2013, the Warrant was Executed. And on July 17th, 2013, Without A Hearing the Appl. Was Transferred Back into the Phyical custody of T.D.C.J.I.D.

C. Then on August 13th, 2013, (46) Forty Six Days After the Appl.'s Re-Arrest on the B.P.P. Ineligible Release Warrant, the Appl. Was Finally Notified And Served with Written Notice of the Allegation from the Texas Parole Board. Along with the Appl.'s Right in the hearing Process.

D. Then on August 30th, 2013, (63) Sixty Three Days After the Appl.'s Re-Arrest the Appl. Was Finally brought before the B.P.P. Hearing Officer for An Ineligible Release Hearing. And durring the proceedings of the hearing the Appl. Objected And Requested that A Specific Adverse Witness be subpoenaed to the hearing for questioning. And At that point the B.P.P. Hearing Officer Suspended the hearing And Ordered the Adverse Witness to be Subpoenaed for questioning.

15.

At that point the hearing was Reset to Re-Convene on Sept. 13th, 2013, at 01:00 pm.

E. Then on Sept. 13th, 2013, the Date that the Hearing was Re-set to Reconvene on. The Hearing was a <u>No Show</u>. Without No Advance Notice the B.P.P. Hearing Officer And the <u>Adverse Witness</u> <u>Did Not Appear</u>. And the Appl. <u>was not given no</u> Advanced Notice in Writting of the hearing Rescheduled Date.

F. At this Point the Appl. <u>was not Re-Released</u>, And the Appl. <u>Is Still Being Restrianed, ILLEGALLY</u>

G. Then on Sept. 30th 2013, (17) seventeen days Later, And Without Any Notice At All, <u>Totally Out of the Blue</u>. The Appl. was Suddenly Brought before the B.P.P. Hearing Officer And the Adverse witness, And the hearing was Re-Convened. The Appl. was <u>Totally</u> UNAWARE And <u>Totally</u> UNPre-pared for this Suprise hearing.

H. Then At the conclusion of the hearing on Sept. 30th, 2013, the Appl. was Specifically Advised by the B.P.P. Hearing Officer, that (I) Appl. would Receive A Written Response of the Hearing Report of the findings, if Appl. is to be sent back to Prison.

I. And to this Date of this Petition to the U.S. Dist. Court the Appl. <u>Has Not</u> Received A Written Response from <u>No B.P.P.</u> Official of the findings of the hearing.

Note: The Appl. later learned through due diligents the (He) Appl. was <u>Acquitted</u> by the B.P.P. Hearing Officer.

16.

GROUND Four: Illegally Restrained And Confined of his Liberty in the Custody of T.D.C.J.I.O. on A Void Sentence, in Direct Violation of Texas Law pursuant to Aggravated Perjury, Tex. Penal Code sec. 37.03; Also in direct Violation of the U.S. Constitution 4th And 14th Amend. Due Process of Law. Also in Viol. of the Tex. Const. Art. 1, sec. 10, Art. 1, sec. 19; Also See: Tex. Gov. Code sec. 501.0081. sec. 508.150(b); And Art. 42.08(a) C.C.P.

A. Immediately following this Substanual Error by T.O.C.J.I.O. of Correctly Starting And In-Correctly Stopping Sentences.

B. On March 18th 2011, the Appl. followed the Proper Administrative Legal Procedures, And Filed A Complaint Form CL-147 to the T.D.C.J. Classification And Records Time Dispute Resolution Office

C. The Appl. Did Specifically Explain to the Time Dispute Office that there WAS A ERROR being made in the Calculation of the Appl. sentences. And the Appl. Also Advised the Time Dispute Office that the Appl. Had Already Been Previously Approved And Released On Parole Supervision by Vote from the Texas Board of Pardons And Paroles under the Bell County Conviction under Cause No# 39,082 And the Name of Jerry Wilson.

D. But on July 21st 2011, the (C.R.O.) Time Dispute Office Responded And Intentionally Committed Perjury. And Deliberately Submitted A False Mis-Leading Response, And Stated that the Appl.'s sentences were calculated correctly as is.

E. Towhich Purposely Left the Appl. Illegally Restrained And Confined. The T.D.C.J. C.R.O. Time Dispute Office WAS FULLY AWAKE THAT THE APPL.'s PREVIOUS Bell County Conviction HAD "CEASE TO OPERATE" BACK IN FEBRUARY 1992 With PRIOR PAROLE APPROVAL BY B.P.P.

17.