IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, a/k/a JERRY WILSON, TDCJ NO. 590690, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1067 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Steve Vic Parker, also known as Jerry Wilson (TDCJ No. 590690), seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the administration of his sentence. Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Motion for Summary Judgment") (Docket Entry No. 11). The petitioner has filed Objections in Response to the Respondent's Motion for Summary Judgment (Docket Entry No. 17). After considering all of the pleadings, the state court records, and the applicable law, the court will grant the respondent's motion and will dismiss this action for the reasons explained below.

## I.  Background

The petitioner is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division

("TDCJ") as the result of more than one underlying criminal conviction. Complicating the administration of his sentence is the fact that the petitioner has been convicted under more than one name.

On April 25, 1991, the petitioner was convicted under the name "Jerry Wilson a/k/a Steve Parker" of unauthorized use of a motor vehicle in Bell County cause number 39,082.[1] The petitioner received a 20-year prison sentence in that case.[2] The petitioner was released on parole in 1992.[3] While on supervised release the petitioner was convicted on October 13, 2010, under the name "Steve Vic Parker," of two counts of theft in McLennan County cause number 2010-447-C1.[4] The petitioner was sentenced to serve seven years on each count to run consecutively to the 20-year sentence that the petitioner received in 1991 in Bell County cause number 39,082.[5]

The petitioner challenged the calculation of his consecutive sentences by filing several time-credit disputes with TDCJ pursuant

_____

[1]Judgment on Plea of Guilty or Nolo Contendere Before Court [and] Waiver of Jury Trial, Exhibit B to Motion for Summary Judgment, Docket Entry No. 11-3, p. 2.

[2]Id.

[3]Affidavit of Charley Valdez ("Valdez Affidavit"), Exhibit C to Motion for Summary Judgment, Docket Entry No. 11-4, p. 3.

[4]Judgment of Conviction by Jury Nunc Pro Tunc, Exhibit A to Motion for Summary Judgment, Docket Entry No. 11-2, pp. 2, 4.

[5]Id.

to § 501.0081 of the Texas Government Code.[6]  An administrative official reviewed the petitioner's records and found "no error in his current time calculations."[7]

In 2013 the petitioner filed a federal habeas corpus action challenging the calculation of his stacked sentences.  See Wilson v. Thaler, Civil Action No. H-13-0974 (S.D. Tex.).  He raised a number of claims concerning the commencement of his seven-year sentence for theft and the effect on his eligibility for mandatory supervision with respect to the 20-year sentence that he received for unauthorized use of a motor vehicle.[8]  The district court denied relief and dismissed the petition with prejudice on February 24, 2014.  The petitioner's appeal was dismissed as untimely filed. See Wilson v. Thaler, No. 14-20274 (5th Cir. July 23, 2014).

On April 23, 2015, the petitioner filed this federal habeas action raising another challenge to the calculation of his consecutive sentences.[9]  Noting that TDCJ intake personnel processed him in 2010 as Steve Vic Parker and then re-processed him in 2011 as Jerry Wilson, the petitioner argues that his sentences

---

[6]Valdez Affidavit, Exhibit C to Motion for Summary Judgment, Docket Entry No. 11-4, p. 5.

[7]Id.

[8]See Memorandum of Law, attached to Petition, Docket Entry No. 1-2, in Civil Action No. H-13-0974.

[9]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1.

were "started and stopped and restarted illegally."[10]   Reasoning further that a prisoner cannot be required to serve a sentence "in installments," the petitioner argues that his sentences are "void."[11]   Arguing that the petitioner could have raised these claims in the federal habeas corpus proceeding that he filed in 2013, the respondent moves for summary judgment on the grounds that the Petition is a successive application that is barred by 28 U.S.C. § 2244(b) for lack of authorization.

## II.  Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Before a second or successive application is filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If the pending petition qualifies as a successive writ, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

---

[10]Memorandum in Support, Docket Entry No. 2, pp. 1-2.

[11]Id.

-4-

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Instead, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

The claim presented in this case arises from the petitioner's allegation that his consecutive sentences started and stopped when he was processed twice -- in 2010 and 2011 -- under different names. The petitioner knew the facts necessary to challenge the administration of his consecutive sentences before he filed his previous federal petition in 2013.[12] His pending Petition therefore qualifies as a second or successive application within the meaning of 28 U.S.C. § 2244(b). See Crone v. Cockrell, 324 F.3d 833, 837-38 (5th Cir. 2003).

Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A).

_____

[12]A review of the Petition filed in 2013 shows that the petitioner included facts about being processed and reprocessed under different names and TDCJ identification numbers in support of his claim for relief. See Statement of the Facts, attached to Petition, Docket Entry No. 1-1, pp. 2-3, in Civil Action No. H-13-0974.

"Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d at 235). The petitioner has not obtained the requisite authorization in this case. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, the court will grant the Respondent's Motion for Summary Judgment and will dismiss the Petition as an unauthorized successive writ.

## III.   Certificate of Appealability

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. See 28 U.S.C. § 2253; see Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court

-6-

concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the Petition qualifies as a successive application within the meaning of 28 U.S.C. § 2244(b). Accordingly, a certificate of appealability will not issue in this case.

## IV.  <u>Conclusion</u>

Based on the foregoing, the court **ORDERS** as follows:

1.  The Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2.  Steve Vic Parker a/k/a Jerry Wilson's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

3.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 7th day of August, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-7-