# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
February 5, 2019
Lyle W. Cayce
Clerk

United States District Court
Southern District of Texas
FILED
FEB 2 7 2019
David J. Bradley, Clerk of Court

No. 15-20451

STEVE VIC PARKER, also known as Jerry Wilson,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

4:15-CV-1067

Appeal from the United States District Court
for the Southern District of Texas

Before KING, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:

Steve Vic Parker appeals the district court's dismissal of his habeas petition as successive. Because we find that Parker's previous habeas petition challenged a judgment distinct from the one he challenges in the present habeas petition, we REVERSE and REMAND.

## I.

In 1991, Steve Vic Parker[1] was convicted in a Texas state court of unauthorized use of a motor vehicle ("UUMV") and sentenced to 20 years in

---

[1] Parker has in various proceedings been referred to as "Jerry Wilson," his alias. Because it does not affect the issues on appeal, we use the name "Parker" throughout this opinion.

No. 15-20451

the custody of the Texas Department of Criminal Justice ("TDCJ") with a maximum discharge date of March 17, 2016. In the years that followed, Parker was released to mandatory supervision and returned to prison several times, although the record does not reflect that he was convicted of any crimes during this time period. That is, until 2010, when, while on mandatory supervision, Parker was convicted of two counts of theft of less than $1,500, for which he received two seven-year sentences to run consecutively with the 20-year UUMV sentence.[2] Following his 2010 conviction, his mandatory supervision on his 1991 UUMV conviction and sentence was revoked and he returned to prison.

In April 2013, Parker filed a 28 U.S.C. § 2254 application ("2013 habeas petition") arguing that he had accumulated enough time on his 20-year sentence for it to expire and his new seven-year sentence to begin.[3] He also argued that the State violated the Ex Post Facto Clause by refusing to release him from custody for the 20-year sentence. The district court, considering only Parker's Ex Post Facto argument, concluded that TDCJ's calculation of his sentence did not violate the Ex Post Facto Clause. It therefore dismissed the petition with prejudice and denied a certificate of appealability ("COA"). This court dismissed Parker's untimely appeal.

Shortly after Parker filed his 2013 habeas petition, TDCJ incorrectly recalculated Parker's sentence to reflect the seven-year sentences as running concurrently with the 20-year sentence, rather than consecutively, and released Parker to mandatory supervision. Roughly three months later, TDCJ

---

[2] Although not entirely clear from the record, it appears that the two seven-year sentences were to run concurrently with one another.
[3] The parties dispute the precise judgment or judgments challenged by Parker's 2013 habeas petition. We discuss the matter in detail below.

2

No. 15-20451

corrected this error and returned Parker to TDCJ custody via an erroneous-release warrant.

In 2015, Parker filed the instant habeas petition. The main thrust of Parker's argument was that (1) his two seven-year sentences should have started as soon as he returned to prison in 2010 and (for reasons unclear) both his seven-year sentences had ceased to operate or were otherwise void under various clauses of the U.S. Constitution; and (2) his rearrest and reprocessing in 2013, as well as the circumstances surrounding them, violated his right to due process under the Fourteenth Amendment. Upon TDCJ's motion for summary judgment, the district court determined that Parker's petition was successive and thus required authorization from this court to proceed. The court therefore granted TDCJ's motion for summary judgment and dismissed Parker's petition without prejudice. It also denied a COA. This court thereafter granted a COA on the issue of "whether Parker's § 2254 application was successive as to the judgments underlying the seven-year theft sentences." After the COA had been granted and briefing submitted in this appeal, this court discovered, and TDCJ confirmed, that Parker had been released to mandatory supervision on his 2010 theft convictions and sentences.

## II.

The district court dismissed Parker's challenge to his seven-year sentences because it determined that his petition was successive. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires authorization from the court of appeals before a habeas petitioner may file an application that is "second or successive." 28 U.S.C. § 2244(b)(3). If a second or successive application is filed in a district court without authorization by the court of appeals, the district court must dismiss the application. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). An application "is not second or successive simply because it follows an earlier federal petition." *Crone v. Cockrell*, 324

3

No. 15-20451

F.3d 833, 836 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The Supreme Court has explained that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," rather than the stretch of confinement being served by the petitioner. *Magwood*, 561 U.S. at 332-33.

The parties do not dispute that Parker's current petition challenges his two seven-year sentences. The State argues that the current petition is successive because Parker's 2013 petition challenged both his 20-year sentence and his two seven-year sentences. Specifically, the State characterizes Parker's 2013 petition as challenging "the stacking order in his seven-year theft sentences." As the State acknowledges, this analysis is somewhat complicated by the convoluted nature of Parker's pleadings. Opaque as his pleadings may be though, the State's characterization of Parker's 2013 petition misses the mark. Parker's 2013 petition contended that his 20-year sentence had expired by the time he filed the petition.[4] Although Parker acknowledges the existence of the 2010 convictions in this 2013 petition, nowhere therein can we discern anything resembling a challenge to the validity of those convictions or the stacking order making the seven-year sentences run consecutively with the 20-year sentence. Moreover, since we are bound to accord pro se habeas petitions liberal treatment, we will not strain to find a stray pleading of Parker's to use against him. *See, e.g.*, *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988). Accordingly, we understand Parker's 2013 petition to challenge only his 20-year sentence; his current petition challenging his seven-year sentences concerns a new judgment and is therefore not successive.

---

[4] In relevant part, his 2013 petition states: "The appl. has <u>surpassed</u> the <u>maximum term</u> of his (20) twenty year sentence under this cause that he is currently serving. In direct violation of the <u>Ex Post Facto Clause</u> and <u>Due Process of Law</u>."

4

No. 15-20451

This conclusion is not altered by the fact that, as the district court noted, Parker "knew the facts necessary to challenge the administration of his consecutive sentences before he filed his previous federal petition in 2013." We have previously considered, and rejected, this approach to successiveness where separate judgments are challenged. In *Hardemon v. Quarterman*, 516 F.3d 272 (5th Cir. 2008), the petitioner had been charged in separate indictments of one count of sexual assault of a child and two counts of aggravated sexual assault of a child. *Id.* at 273. He was convicted on all three counts and given separate sentences for each. *Id.* In his first federal petition, Hardemon challenged his conviction for sexual assault of a child, which the district court rejected on the merits. *Id.* at 274. In his second petition, he challenged his conviction of one of the counts of aggravated sexual assault of a child—undisputedly a separate judgment. *Id.* The district court rejected the petition as successive and Hardemon appealed. *Id.*

On appeal, we framed the question presented as "whether the prohibition against successive § 2254 petitions requires a prisoner to challenge all judgments from a single court in a single habeas petition." *Id.* at 273. Prior to that case, we had held that a habeas petitioner's second petition was successive because he "knew of all of the facts necessary to raise [the claim raised in his second petition] before he filed his initial federal petition." *Crone*, 324 F.3d at 837. Seizing on this language, the State in *Hardemon* argued on appeal that Hardemon's petition was similarly successive because he knew the facts necessary to challenge his conviction of aggravated sexual assault of a child at the time he filed his first petition. 516 F.3d at 275. We rejected this argument, finding that the principle espoused in *Crone* was inapplicable to Hardemon's case because *Crone* involved separate petitions challenging the same judgment. *Id.* We then concluded that "Hardemon was *permitted*, but not *required*, to challenge his separate convictions in a single § 2254 petition." *Id.*

5

at 276. Here, as discussed, Parker's current petition and his 2013 petition challenge different judgments. The district court therefore erred in concluding that Parker's challenge to his 2010 sentence was successive.

The remainder of Parker's claims relate to events that took place after his 2013 release and rearrest. The district court did not consider these claims in its dismissal of Parker's petition. Roughly speaking, Parker argues that he was owed a hearing following his rearrest and that the denial of such a hearing violated his due-process rights. The State argues that these claims are now moot because "the only remedy for [such] claims is re-release to mandatory supervision"—i.e., putting Parker in precisely the position he is in right now.

We need not reach the question of mootness, however, for our jurisdiction is otherwise lacking. A COA in this case was granted only as to the successiveness of Parker's challenge to his seven-year sentence, not his due-process challenge related to the circumstances surrounding his rearrest. This court has jurisdiction to consider only the issues specified in a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Sixta v. Thaler*, 615 F.3d 569, 573 (5th Cir. 2010). Parker has not asked this court to expand the scope of the already-granted COA, and in his prior request to this court for a COA, Parker did not in any way allude to the due-process issues he now raises in his briefing. He has therefore waived any request for a COA on that issue, and we are without jurisdiction to consider his remaining claims. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999) ("Issues not raised in the brief filed in support of [a] COA application are waived").

### III.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for proceedings consistent with this opinion.