United States District Court
Southern District of Texas
**ENTERED**
March 01, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, <br> a/k/a Jerry Wilson, <br> TDCJ No. 590690, <br><br> Petitioner, <br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-15-1067 |

**ORDER**

On August 7, 2015, this court granted the respondent's motion for summary judgment and dismissed the habeas corpus proceeding filed by the petitioner, Steve Vic Parker, also known as Jerry Wilson (TDCJ #590690). On February 5, 2019, the Fifth Circuit reversed that decision and remanded this case for further review. See Parker v. Davis, No. 15-20451 (5th Cir.).

The court **ORDERS** as follows:

1. Respondent shall file an amended answer, dispositive motion, or other responsive pleading within forty (40) days after receipt of this order and forward a copy of same to petitioner. Respondent is cautioned that under Rule 12(c), Fed. R. Civ. P., if matters outside the pleadings are relied upon, the respondent's

<u>motion shall be treated as a motion for summary judgment and should be titled as such</u>.

2. Respondent's amended answer shall contain: (a) a statement of the authority by which petitioner is currently held, and if held under the judgment of any court(s) the name of such court(s) and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

3. If necessary, respondent's amended answer shall be accompanied by the following documents relating to the conviction(s) of the state court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the

appellate courts or a reference to where it or they may be found in the reports; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of this action.

4. _If at any time respondent files a motion for summary judgment or a motion to dismiss with the court, the petitioner is **ORDERED** to file a response to that motion filed by the respondent, within thirty (30) days. The petitioner's failure to file a response within thirty days shall result in dismissal of this action for want of prosecution under Rule 41(b), Fed. R. Civ. P._

5. Each party shall serve the other party, or counsel, with a copy of every pleading submitted for consideration by the court; service shall be by mail to the other party. Every pleading filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate will subject the petitioner to sanctions by the court. There will be no direct communications with the U.S. District Judge or Magistrate Judge.

Communications must be submitted to the Clerk with copies to the other party.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 1st day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE