IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, a/k/a Jerry Wilson TDCJ No. 590690, Petitioner, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-15-1067 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § | |

**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

This is a habeas corpus case brought by a Texas state prisoner, Steve Vic Parker, a/k/a Jerry Wilson, under 28 U.S.C. § 2254. Parker challenges two convictions for theft and attendant seven-year sentences assessed by a Texas state court. The Fifth Circuit Court of Appeals recently determined that Parker's petition is not successive and remanded the case. Parker's claims fail to entitle him to federal habeas relief because they are based solely on a determination of state law or are moot. They should be denied and dismissed with prejudice.

**JURISDICTION**

Parker seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Parker was convicted within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

The Fifth Circuit Court of Appeals determined that Parker's claims are as follows:

(1) "His two seven-year sentences should have started as soon as he returned to prison in 2010 and (for reasons unclear) both his seven-year sentences ha[ve] ceased to operate or [are] otherwise void under various clauses of the U.S. Constitution; and"

(2) "His rearrest and reprocessing in 2013, as well as the circumstances surrounding them, violated his right to due process under the Fourteenth Amendment."

*Parker v. Davis*, 914 F.3d 996, 998 (5th Cir. 2019).

## GENERAL DENIAL

The Director denies all of Parker's assertions of fact, except those supported by the record or those specifically admitted herein. The Director objects to any future, substantive motions filed by Parker, and will respond to such motions only if so ordered by the Court.

## STATEMENT OF THE CASE

Though released to mandatory supervision, Parker is presently serving two, concurrent seven-year sentences for theft. SHCR-20,[1] at 74-75, 79-80. Both convictions are from cause number 2010-447-C1, out of the 19th District Court of McLennan County, with sentencing on October 13, 2010. *Id.* Parker committed the two thefts while released to mandatory supervision for an earlier conviction and 20-year sentence for unauthorized use of a motor vehicle,

---

[1] SHCR-20 refers to the Clerk's Record of pleadings contained within *Ex parte Parker*, No. 22,317-20 (Tex. Crim. App. 2014). SHCR-20supp refers to the Supplemental Clerk's Record of the same. Both are followed by the applicable page numbers. Parker's other state habeas applications are cite in similar fashion.

from 1991 (the "1991 sentence"). SHCR-02, at 2-4, SHCR-20supp, at 9. The seven-year theft sentences were both ordered to run consecutive to the 1991 sentence. SHCR-20, at 74-75, 79-80. Parker's release to mandatory supervision for the 1991 sentence was revoked after he was convicted and sentenced for the two thefts. SHCR-20supp, at 9.

On April 11, 2013, Parker was erroneously released to mandatory supervision, when TDCJ incorrectly calculated his sentences as if they were not stacked. *Id.* TDCJ recognized its mistake and Parker was rearrested on June 28, 2013. *Id.*

Parker has a lengthy history of filing state habeas applications. The Director understands his twentieth state writ application to raise claims substantially similar to those in the instant petition, though Parker has filed numerous state habeas applications alleging that his sentences should not be stacked for a variety of reasons. SHCR-20, at 7-14, 22-30.

Parker has also filed numerous federal habeas petitions challenging the stacking of his theft convictions. As another court of this district explained:

> According to the affidavit of Classifications and Records Department Program Supervisor III Charley Valdez, Parker's twenty-year sentence was concluded on March 17, 2016, and the seven-year sentences began on July 8, 2015 (accounting for 253 days of pre-trial jail credit). Dkt. 16-2 at 3. Parker does not challenge the underlying convictions. As the Court understands, Parker's allegations boil down to his belief that his sentences are miscalculated and that he is being held illegally under a void sentence. However, these petitions are not the first time Parker has raised these issues in habeas proceedings. *Wilson v. Thaler*, C.A. No. H-13-0974 (S.D. Tex 2014); *Wilson v. Stephens*, C.A. No. H-15-0658 (S.D. Tex. 2015); *Parker v. Stephens*, C.A. No. H-15-0853 (S.D. Tex. 2015). There are a host of other dismissed petitions in the Eastern and Western Districts of Texas.

* * *

> Parker has filed a litany of federal habeas petition, all of which assert the same grounds. The first of the series, where Parker asserted his stacked sentences were void because they ran afoul of the *ex post facto* clause, was dismissed on the merits in 2013.[FN3] The second petition was dismissed as barred by *res judicata* and/or collateral estoppel in 2015,[FN4] and the third petition dismissed because it was duplicative in 2015.[FN5] As pointed out by District Judge Keith Ellison, Parker's grounds are "chronological continuations of claims raised and rejected in his previous habeas lawsuit." *Wilson v. Stephens*, C.A. No. H-15-0658 (Dkt. 5). Courts have determined time and time again that Parker's sentences are stacked and calculated properly. "A rehashed claim is not a new claim." *Bennett v. U.S.*, 119 F.3d 470, 471-72 (7th Cir. 1997).
>
> [FN3] *Wilson*, C.A. No. H-13-00974, Dkt. 20 at 6.
> [FN4] *Wilson*, C.A. No. H-15-0658, Dkt. 5 at 2.
> [FN5] *Parker*, C.A. No. H-15-0853, Dkt. 8 at 2.

Mem. and Rec., at 2-3, *Wilson v. Thaler*, No. 4:16-cv-02108 (S.D. Tex. Feb. 10, 2017), ECF No. 21.

On or about April 20, 2015, Parker filed the instant petition. ECF 1, at 11. This court entered final judgment dismissing the petition as successive. ECF 18. Parker timely filed his notice of appeal. ECF 20. The Fifth Circuit granted a certificate of appealability on "whether Parker's § 2254 application was successive as to the judgments underlying the seven-year theft sentences." *Parker v. Davis*, No. 15-20451, Order Aug. 2, 2017. After briefing by the parties, the Fifth Circuit determined that the petition was not successive as to the theft sentences and remanded. *Parker*, 914 F.3d at 1000.

## RECORDS

Records of Parker's state habeas proceedings are filed with the Court.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

The Director believes Parker has exhausted his state court remedies. 28 U.S.C. § 2254(b). And the petition is not subject to the successive petition bar, as determined by the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b).

With regard to claim 1, that Parker's sentences should not be stacked, the statute of limitations determination is complicated by the amorphous nature of Parker's claim. As a result, the Director reserves the statute of limitations defense and proceeds to the merits. As claim 2 is moot, the statute of limitations need not be addressed.

## MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

A party moving for summary judgment bears the burden of informing the Court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). However, while summary judgment rules apply with equal force in a federal habeas proceedings, the rule only applies to the extent that it does not conflict with the rules governing habeas review. "Therefore, § 2254(e)(1) - which mandates that findings of fact made by a state court are 'presumed to be correct'-overrides the ordinary rule that, in summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless . . . [the petitioner] can 'rebut [ ] the

presumption of correctness by clear and convincing evidence' as to the state court findings of fact, they must be accepted as correct." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## AEDPA STANDARD OF REVIEW

Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in state criminal justice systems, not a substitute for ordinary error correction through appeal. For claims that were adjudicated in state court, § 2254(d) imposes a highly deferential standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)). Or the court may grant relief if the state court decision was based on an unreasonable determination of facts in light of the record. *Id.* Section 2254(d)'s standard is necessarily difficult to meet because it was so designed.

A state court decision can be "contrary" to established federal law in two ways. *(Terry) Williams*, 529 U.S. at 405–06. First, if the state court applies a rule that contradicts Supreme Court precedent. *Id.* at 405. Second, if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Id.* at 406.

A state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. The focus of this test is not on the state court's method of reasoning, but rather on its ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 87. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Further, in reviewing a state court's merits adjudication for reasonableness, a federal court is limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## I. Whether Parker's Sentences Are Properly Stacked Is an Issue of State Law That This Court Cannot Reach. (Claim 1)

In claim 1, as identified by the Fifth Circuit, Parker alleges that "his two seven-year sentences should have started as soon as he returned to prison in 2010 and (for reasons unclear) both his seven-year sentences ha[ve] ceased to operate or [are] otherwise void under various clauses of the U.S. Constitution." *Parker*, 914 F.3d at 998. Regardless of how Parker's claim is characterized,[2] Parker seeks the invalidation of the order stacking his sentences. ECF 1, at 7, 12-18; ECF 2. But Parker can only obtain relief if this Court determines that his stacked sentences were improper pursuant to state law. This Court has no authority to make that determination, thus Parker is not entitled to relief.

It is not the function of a federal habeas court to review a state's interpretation of its own law. *Weeks v. Scott*, 55 F.2d 1059, 1063 (5th Cir. 1995); *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir. 1983). Federal habeas courts "do not sit as a 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Forward v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986) (citations omitted); *see also Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure."). Rather, a federal habeas corpus action is only available for the vindication of rights existing under federal law. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be

---

[2] The Director's brief on appeal gives an overview of the difficult nature of Parker's claims. *See* Letter Brief of the Respondent–Appellee, at 8-10.

had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Parker has repeatedly alleged that his sentences cannot be stacked because he was on mandatory supervision from his 1991 sentence when he committed the thefts, and as a result, those sentences should have commenced immediately. When raised in a state habeas application the state court found that the theft sentences were properly calculated, as explained by TDCJ:

> Although Applicant's supervision was revoked after he received the new stacked sentences, because he was released to mandatory supervision and not parole on 6-6-2008, his sentences are being calculated as consecutive and not concurrent. TDCJ has interpreted *Ex parte Wrigley* as being applicable only to offenders released to parole and not to mandatory supervision. *Ex parte Wrigley,* 178 S.W.3d 828, 831 (Tex. Crim. App. 2005) (a stacked sentence does not begin to run on the date the defendant makes parole on the original offense if his parole is revoked before the trial court sentences the defendant for the stacked offense). When an offender has consecutive sentences, the second sentence will begin when the first sentence ceases to operate. Mandatory supervision is not an event that causes an offender's first sentence to cease to operate. *Ex parte Cowan,* 171 S. W.3d 890 (Tex. Crim. App. 2005), *Ex parte Kuester,* 21 S.W.3d 264 (Tex. Cr. App. 2000).

SHCR-20supp, at 9, 14-16. The Texas Court of Criminal Appeals explicitly found that the sentences were properly stacked pursuant to state law when the court denied relief. SHCR-20, at Action Taken. And this Court lacks the authority to determine that the state court erred in a determination of state law. *See Charles v. Thaler*, 629 F.3d 494, 500-501 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law.").

9

Parker makes various claims that his stacked sentences violate federal constitutional law, but these allegations are conclusory and cannot support relief. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Moreover, Parker's purported federal constitutional claims are necessarily predicated on the improper stacking of his sentences, an issue of state law that has been properly decided against him. The state court's denial of relief was reasonable.

## II. Parker's Claim About His Rearrest and Reprocessing in 2013 Is Moot. (Claim 2)

In claim 2, Parker alleges that his rearrest and reprocessing in 2013, as well as the surrounding circumstances, violated his right to due process under the Fourteenth Amendment. This claim is moot.

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. *Honig v. Does,* 484 U.S. 305, 318 (1988). And a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *See Knox v. Service Employees*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The only remedy for the erroneous release claims is re-release to mandatory supervision. As Parker is already on mandatory supervision release, this Court can grant no relief and those claims are now moot. *See Knox*, 567 U.S. at 307.

## CONCLUSION

The Director respectfully requests that the Motion for Summary Judgment be granted, that Parker's claims be denied and dismissed with prejudice, and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Counsel

s/ Jessica Manojlovich
JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632
Southern District ID No. 783178

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on the 10th day of May 2019, addressed to:

Steve Vic Parker
1808 Webberville Rd.
Austin, TX 78721

                                                  s/ Jessica Manojlovich
                                                  JESSICA MANOJLOVICH
                                                  Assistant Attorney General