IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

United States Courts
Southern District of Texas
FILED
JUN 07 2019
David J. Bradley, Clerk of Court

STEVE VIC PARKER,
  Applicant/Petitioner,

V.                                    Civil Action No. H-15-1067

LORIE DAVIS, Director,
T.D.C.J.C.I.D., Respondent.

## Petitioner's Reply To The Respondent's Motion For Summary Judgment

To The Honorable Judge of Said Court:

Comes Now the Petitioner, in the Above styled And Numbered Civil Action, And the Petitioner Respectfully files this Reply To The Respondents Motion For Summary Judgment, And in support of Petitioner's Reply the Applicant will show the Court the following;

### Jurisdiction

Pursuant to 28 U.S.C.A. sec. 2254, this

Honorable United States Court possesses Full And Unlimited Jurisdiction As set forth in Wadsworth V. Johnson, 235 F. 3d 959, 961 (5th Cir. 2000)

## The Respondents Contentions For Requesting Summary Judgment Are Totally Baseless And Totally Without Merit To the Instant Petition

The Petitioner's Claims And Grounds for Relief has Absolutely Nothing to do with A Stacked Sentence Nor Any other type of Time Calculations At All.

## Statement of the Facts of The Case For The Instant Petition

## Ineligible/Erroneous Released

On April 11th, 2013, For No Fault Of the Petitioner's Own, the Pet. Was Allegedly Ineligible/Erroneously Released From the Phyical custody of T.D.C.J.C.I.D. to A Texas Board Pardons And Paroles (B.P.P.) Statutory Mandatory Supervision Release Contract.

Please See Attached Exhibit No. # ___A___

## Petitioner Re-Arrested

Then on June 28th, 2013, After the Pet. had Remained At Liberty on the B.P.P. Statutory Mandatory Supervision Certificate Contract for 79 days.

The Pet. was <u>Re-Arrested</u> on A Ineligible/Erroneous Release <u>Warrant</u> Issued by the B.P.P.

Please See Attached Exhibit No.# B

## United States Constitutional Rights Violated In The Statutory Hearing Process Under the 4th, 5th And 14th Amend.

After the Pet. was <u>Re-Arrested</u> on June 28th, 2013, the Pet. Remained continuously detained in Physical Custody of T.D.C.J.C.I.D. pursuant to the B.P.P. Ineligible/Erroneous Release Warrant for (46) forty six days Before Being Notified of the Pet. State Const. or U.S. Const. Right to A Due Process Hearing. Or until August 13th, 2013.

Please See Attached Exhibit No.# C

And the Petitioner WAS NOT given AN Ineligible/Erroneous Release Hearing for over (90) Ninety Days After the Pet. Re-Arrest or Until September 30th, 2013. (94 days After Re-Arrest)

Please See Attached Exhibit No.# D

## Petitioner Acquited

Then on Oct. 04th, 2013, (4) four days After the Pet. Ineligible/Erroneous Release Hearing WAS Finally Conducted. The Pet. WAS Acquited by the B.P.P. Hearing Officer. The B.P.P. Hearing Officer Specifically Ruled, Quote "I find that the offender has met the Eligiblility for Re-lease on All Offenses."

Please See Attached Exhibit No.# E, p.# 4

## "Controling Case Law"

" Regardless of the outcome of the subsequent Parole Procedings, the sentence in the prior sentence would become effective when the other sent. Cease To Operate. Vernon's Ann. T.C.C.P. Art. 42.08, 42.12 sec. 2, par. c. 15(f); Jimenez V. State, 634 S.W. 2d 879, 882."

## Argument And Authorities

An (Offender) person who is ERRONEOUSLY Released Under Supervision is Not A Trusty Inmate, but A Releasee who is Serving An Unauthorized Conditional Release; Therefore, the LAW that Applies to such A person is Not the LAW that GOVERNS inmates but the LAW that GOVERNS Releases.

See: Exparte Morris, 626 S.W. 2d 754; Exparte Pizzalota, 610 S.W. 2d 486; Exparte Millard, 48 S.W. 3d 190 And Deifik v. State, 58 S.W. 3d 794; Thompson v. Cockrell, 263 F. 3d 423

## Hearing Requirement

Therefore since the Pet. WAS Ineligible/Erroneously Released For No Fault of His Own.

And Once Re-Arrested pursuant to A T.D.C.J. B.B.P. Ineligible/Erroneous Release Warrant, B.B.P. WAS Required pursuant to the 4th And 14th Amend's of the U.S. Const. And under Texas Statutory Laws pursuant to the Tex. Gov. Code sec. 508.281 And 508.282, to provide the Appl. With A Ineligible/Erroneous Release Hearing.

#5

See: Wolff V. McDonnell, 418 U.S. 539
Sandin V. Conner, 515 U.S. 472
Morrissey V. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972)
Thompson V. Cockrell, 263 F.3d 423
Exparte Morris, 626 S.W.2d 754
Exparte Pizzalota, 610 S.W.2d 486
Deifik V. State, 58 S.W.3d 794
Exparte Millard, 48 S.W.3d 190

Madison V. Parker, 104 F.3d 765, 768

## Standard of Review
## 28 U.S.C.A. sec. 2254(d)

The Petitioner Did <u>Specifically</u> And <u>Effectively</u> present the <u>Instant</u> Constitutional Violations before the Texas Criminal Appeals Court As require by Statutory State and Federal Law. pursuant to Art. 11.07 C.C.P.

Yet the Texas Court of Criminal Appeals was <u>Totally Wrong</u> And <u>Abused</u> thier <u>Decretion</u> by obviously Violating Violating U.S. Const. Amend. 28 U.S.C.A. sec. 2254(d).

#6.

A State Court Decision can be "Contrary" to established Federal Constitional Law in (3) three ways.

(1). Was contrary to federal law then clearly established Supreme Court holdings; or

(2). Involved an unreasonable Application of clearly established Supreme Court Precedent; or

(3) Was based on unreasonable ~~determination~~ Determination of facts in light of the record before the State Court.

## Constitutional Law 14th Amend.

As it is clear and well established under the U.S. Const. Laws as well as Supreme Court precedent;

A prisoner who is Re-Arrested pursuant to a Ineligible/Erroneous Release Warrant for "No Fault of his own" has a Constitutional Statutory Right to and prompt and Timely Hearing under the 14th Amend. of the U.S. Const.

Also under State of Texas Const. and Statutory

#7.

State Law. Pursuant to Tex. Gov. Code sec. 508.281 and sec. 508.282.

See: Wolff v. McDonnell, 418 U.S. 539
Sandin v. Conner, 515 U.S. 472
Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972)

Constitutional Law sec. 786 Due Process

Under the Federal Constitution, the Core of Due Process is the Right to Notice and a meaningful oppurtunity to be heard.

The Fifth Amend. provides that "No Person Shall be Deprived of life, liberty or property, without Due Process of Law"

If a liberty interest is created by statute Due Process Require Notice and a meaningful oppurtunity to be heard.

See: LaChance v. Erickson, 522 U.S. 262, 118 S.Ct. 753 (1998)

A Liberty Interest emanate from either Due Process or from State Law.
Enriquez v. State, 263 F.3d 423 (2001)

# 8.

## Statement of the Issue
## For The Instant Petition

As this Court can clearly see and understand the Issues and Ground for Relief forming the bases for this Instant Petition has Absolutely Nothing to do with A Stacked Sentence, Time Calculations nor A Sentence being Started And Stopped.

The only Relevant fact that are to be determined by this Honorable Court is the Petitioner's Const. Due Process Rights being Violated by the Respondent.

The Petitioner was in fact Ineligible/Erroneously Release from the physical Custody of T.D.C. J.C.I.D. on April 11th, 2013,

And (79) seven nine days later on June 28th, 2013, the Petitioner was Re-Arrested on a Ineligible/Erroneous Release Warrant

Then After the Petitioner Re-Arrest on June 28th, 2013, the Petitioner was Then Continuously Detained in the Physical Custody of T.D.C.J.C.I.D. by the Respondent for over (90) Ninety Days Without Never being given An Ineligible/Erroneous Release Hearing

#9.

And Also After the Petitioner Re-Arrest on June 28th, 2013, the Petitioner WAS Not EVEN Notified of his Constitutional Due Process Rights in the Ineligible/Erroneous Release Hearing Process until the (46) Fourty Six Days Later.

And Finally After (90) Ninety Days had passed the Petitioner WAS Finally Given A Ineligible/Erroneous Release Hearing. And (4) four days After the Hearing on Oct. 04th, 2013 the Pet. WAS Acquitted by the B.B.P. Hearing Officer

But there After the Acquittal the Petitioner WAS NOT RELEASED by the Respondent. And the Petitioner Re-mained continuously De-tained by the Respondent in the Phyical custody of T.D.C.J.C.I.D., for (5) five yrs. And (4) four months Totally And Illegally Wrongfully Im-prisoned.

Please See Attached Exhibits

Also See: Tex. Gov. Code sec. 508.281    Hearing
         Tex. Gov. Code sec. 508.282    Deadlines
         Tex. Gov. Code sec. 508.149(a)  Vote
         Jimenez v. State, 634 S.W.2d 879, 881-82

#10

Byrd v. State, 499 S.W.3d 443 (2016)
Jackson v. Johnson, 475 F.3d 261

Please See Attached Ct. Crim. App. Dissenting Opinion Exh.# G

1. My Name Is Not Jerry Wilson.

2. My True Name Is Steve Vic Parker.

3. My Latest Conviction For This Instant Petition Is Under My True Name Steve Vic Parker, For The (7) Seven Year Sentence Under Cause No.# 2010-447-C1.
(Please See Attached Judgment Exh. No.# F)

## Illegally Restrained

The Petitioner Is Presently being Illegally Restrained, Threatened And Forced (Under duress) by the Respondent And the Texas Parole Board to Abide by the Rules And Conditions of An Illegal B.B.P. Mandatory Supervision Release Contract under the Alias Fictious Name Jerry Wilson, And With

#11

the Wrong Case Number on the Release Certificate Contract. # 39,082 for An Already Discharged Sentence. Please See Exhibit # I.

Please See Attached Exhibit No#. #A  #B  #C

#D , #E , #F  #G  #H

## Conclusion And Prayer

The Petitioner Prays And Respectfully Ask this Honorable U.S. Court to Carefully Review And Consider the Facts And Grounds for Habeas Corpus Relief. And the Petitioner Also Request And Ask this Honorable Court to Deny the Respondent's Motion for Summary Judgment because the Issue And Grounds has Absolutely Nothing to do With A Stacked Sentence or Time Calculations.

And After this Honorable Court Concludes is Review of the Relevant Facts of the Petitioner's Constitutional Due Process Rights Violations. The Petitioner Prays that the Court Will Grant the Petitioner Habeas Corpus Relief Under Constitutional Due Process of Law 4th And 14th Amendments.

Respectfully Submitted,

*Steve Vic Parker*
Petitioner/Applicant
Steve Vic Parker
1808 Webberville Rd.
Austin, Texas 78721

## Certificate of Service

I the Petitioner Steve Vic Parker, hereby certify and solemnly swear that a true and correct copy of the above and foregoing Petitioner's Reply, has been served on the Texas Attorney Generals Office Asst. Jessica Manojlovich, by placing a copy of same in the U.S. Mail System Address to P.O. Box 12548, Austin, Tx. 78711, on this the 05th day of June, 2019, pursuant to 28 U.S.C.A. sec. 1746.

*Steve Vic Parker*
Petitioner/Applicant

cc: #001A

Exhibits