United States District Court
Southern District of Texas
**ENTERED**
November 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, <br> a/k/a Jerry Wilson, <br> TDCJ #590690, <br><br> Petitioner, <br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-15-1067 |

## MEMORANDUM OPINION AND ORDER

While confined at a prison facility in Huntsville, Texas, the petitioner, Steve Vic Parker, also known as Jerry Wilson (TDCJ #590690), filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging the administration of his sentence. Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 36). The petitioner has filed a reply ("Petitioner's Reply") (Docket Entry No. 37). After considering all of the pleadings, the state court records, and the applicable law, the court will grant the Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background and Procedural History

When the petitioner filed this action he was incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Holliday Unit in Huntsville as the result of more than one state court criminal conviction. Those convictions and the sentences that the petitioner received are summarized briefly below.

On April 25, 1991, the petitioner was convicted and sentenced to 20 years' imprisonment for unauthorized use of a motor vehicle in Bell County Cause No. 39,082.[1] The petitioner was released from prison on the form of parole known as mandatory supervision in 1992.[2] The petitioner's supervised release was revoked and he returned to prison after he was convicted of two counts of theft in McLennan County Cause number 2010-447-C1 on October 13, 2010.[3] The petitioner was sentenced to serve concurrent terms of seven years' imprisonment on each count of theft, running consecutively to the 20-year sentence that he received previously in Bell County cause number 39,082.[4] As a result, the seven-year sentences that he

---

[1] Judgment on Plea of Guilty or Nolo Contendere Before Court [and] Waiver of Jury Trial, Docket Entry No. 11-3, at 2.

[2] Affidavit of Charley Valdez ("Valdez Affidavit"), Docket Entry No. 11-4, at 3.

[3] Judgment of Conviction by Jury Nunc Pro Tunc, Docket Entry No. 11-2, at 2, 4.

[4] Id.

received in 2010 were "stacked" on top of the twenty-year sentence he received previously in 1991.[5]

On April 11, 2013, the petitioner was released on mandatory supervision in error after his sentences were calculated incorrectly by prison officials.[6] When TDCJ realized the mistake an "erroneous release warrant" issued on June 27, 2013, and was executed the following day.[7] The petitioner returned to TDCJ custody after a hearing was conducted regarding his erroneous release.[8]

On April 23, 2015, the petitioner filed the pending Petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from the calculation of his sentence.[9] The court granted the respondent's motion for summary judgment and dismissed the petition on August 7, 2015, observing that the petitioner had previously challenged the calculation of his sentence in a previous federal habeas proceeding that he filed in 2013, concluding that his

---

[5]See Ex parte Wrigley, 178 S.W.3d 828, 830-31 (Tex. Crim. App. 2005) (holding that pursuant to Tex. Code Crim. Proc. Art. 42.08(b) "a stacked sentence does not begin to run on the date the defendant makes parole on the original offense if his parole is revoked before the trial court sentences the defendant for the stacked offense").

[6]Valdez Affidavit, Docket Entry No. 11-4, at 4.

[7]Id.

[8]Id. at 5.

[9]Petition, Docket Entry No. 1, pp. 12-18.

pending 2015 Petition was a "second or successive" application for habeas relief that required prior authorization from the Fifth Circuit under 28 U.S.C. § 2244(b).[10] The Fifth Circuit reversed and vacated that decision, remanding the case for further consideration. See Parker v. Davis, 914 F.3d 996 (5th Cir. 2019). Acknowledging that the petitioner's pleadings were "convoluted," the Fifth Circuit identified the following two claims that did not fit within the prohibition of second-or-successive writ applications: (1) his two seven-year sentences were improperly stacked and "should have started as soon as he returned to prison in 2010 and (for reasons that are unclear) had ceased to operate or were otherwise void under various clauses of the U.S. Constitution;" and (2) "his rearrest and reprocessing in 2013, as well as the circumstances surrounding them, violated his right to due process under the Fourteenth Amendment." Id. at 998.

State court records reflect that the petitioner raised both of the above-referenced claims in an Application for a Writ of Habeas Corpus Seeking Relief from [a] Final Felony Conviction Under Code of Criminal Procedure Article 11.07 ("State Habeas Application") that he filed in 2014.[11] After considering an affidavit from Charley Valdez, who is a Program Supervisor III for the TDCJ Classification and Records Department, the state habeas corpus

---

[10]Memorandum Opinion and Order, Docket Entry No. 18.

[11]State Habeas Application, Docket Entry No. 13-24, pp. 5-21.

court found that the petitioner's sentence was correctly calculated and recommended denying relief.[12] The Texas Court of Criminal Appeals agreed and denied relief without a written order on the findings made by the trial court on February 11, 2015.[13]

The respondent now moves for summary judgment, arguing that the petitioner's challenge to the calculation of his consecutive or stacked sentences in Claim 1 concerns an issue of state law that is not actionable in a federal habeas corpus proceeding.[14] The respondent argues further that the petitioner's challenge to the proceedings held following his arrest on the erroneous release warrant in Claim 2, which asserts that he was entitled to immediate release on mandatory supervision, is moot because Parker has been released from custody and has obtained the relief that he was seeking.[15]

## II. **Standard of Review**

To the extent that the petitioner's claims were raised and rejected in state court, his Petition is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2254(d). Under the AEDPA a federal

---

[12]Findings of Fact and Conclusions of Law on an Application for Writ of Habeas Corpus, Docket Entry No. 13-22, pp. 16-19.

[13]Action Taken on Writ No. 22,317-20, Docket Entry No. 13-19 p. 1.

[14]Respondent's MSJ, Docket Entry No. 36, pp. 8-10.

[15]Id. at 10.

5

habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

### III. Discussion

**A. Claim 1: Petitioner's Claim That His Sentences Were Improperly Stacked**

Liberally construed, the petitioner contends in Claim 1 that the concurrent seven-year prison sentences that he received for his McClennan County theft conviction in 2010 were improperly stacked with the 20-year prison sentence that he had previously received in 1991, when he returned to prison after the revocation of his parole.[16] He argued in state court that his seven-year sentences could not be stacked because he was on mandatory supervision from his 1991 conviction when he committed the thefts that resulted in a new conviction in 2010 and, therefore, that the seven-year sentences that he received from McClennan County should have commenced immediately when they were entered against him in 2010, rather than calculated to run consecutively.[17]

The state habeas corpus court rejected this claim and found that Parker's sentences were properly calculated following his conviction for theft in 2010, which also resulted in the revocation of his supervised release on parole.[18] In reaching that conclusion the state court relied on the affidavit from Charley Valdez, who explained that the sentences Parker received for theft in 2010 were

---

[16] Petition, Docket Entry No. 1, pp. 12-13.

[17] State Habeas Application, Docket Entry No. 13-24, pp. 10-11.

[18] Findings of Fact and Conclusions of Law on an Application for Writ of Habeas Corpus, Docket Entry No. 13-22, pp. 16-19.

required to be "stacked" or calculated as consecutive, and not concurrent with the previous 20-year sentence that he received in 1991, based on an interpretation of state law that determines when a sentence that is second in time commences to run:

> Although Applicant's supervision was revoked after he received the new stacked sentences, because he was released to mandatory supervision and not on parole on [June 6, 2008], his sentences are being calculated as consecutive and not concurrent. TDCJ has interpreted Ex parte Wrigley as being applicable only to offenders released to parole and not to mandatory supervision. Ex parte Wrigley, 178 S.W.3d 828, 831 (Tex. Crim. App. 2005) (a stacked sentence does not begin to run on the date the defendant makes parole on the original offense if his parole is revoked before the trial court sentences the defendant for the stacked offense). When an offender has consecutive sentences, the second sentence will begin when the first sentence ceases to operate. Mandatory supervision is not an event that causes an offender's first sentence to cease to operate. Ex parte Cowan, 171 S.W.3d 890 (Tex. Crim. App. 2005), Ex parte Kuester, 21 S.W.3d 264 (Tex. [Crim.] App. 2000).[19]

The state court found that Valdez's affidavit was "true, correct, and worthy of belief."[20]

To the extent that the state habeas corpus court found that Valdez's affidavit was credible and that the facts asserted were true, findings such as these are entitled to substantial deference on federal habeas review. See Coleman v. Quarterman, 456 F.3d 537, 541 (5th Cir. 2006) (citing Guidry v. Dretke, 397 F.3d 306, 326 (5th Cir. 2005)). The state court's factual findings and

---

[19]Valdez Affidavit, Docket Entry No. 11-4, p. 4.

[20]Findings of Fact and Conclusions of Law on an Application for Writ of Habeas Corpus, Docket Entry No. 13-22, pp. 16-19.

credibility determinations are presumed correct for purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Valdez v. Cockrell, 274 F.3d 941, 947 (5th Cir. 2001). The petitioner does not present evidence to challenge any of the fact findings or credibility determinations made by the state habeas corpus court. Likewise, he has not shown that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

In response to Respondent's MSJ, the petitioner points to a dissent from a decision in a subsequent state habeas proceeding that he filed after he submitted the federal Petition in this case. In that dissenting opinion, which issued on June 28, 2017, a judge who was on the Texas Court of Criminal Appeals questioned whether the petitioner's seven-year sentences for theft should have been concurrent rather than stacked and considered discharged based on a 2016 court decision[21] that issued after the state habeas corpus court issued its decision on the petitioner's pending claims in 2015.[22] Because the issue had been considered previously on state

---

[21]Exhibit G, Dissenting Opinion in Ex parte Steve Vic Parker, aka Jerry Wilson, Writ No. 22,317-25, Docket Entry No. 37-1, pp. 16-18 (citing Byrd v. State, 499 S.W.3d 443 (Tex. Crim. App. 2016).

[22]Action Taken on Writ No. 22,317-20, Docket Entry No. 13-19 p. 1.

habeas review, a majority of the Texas Court of Criminal Appeals dismissed that claim under Article 11.07 § 4(a) of the Texas Code of Criminal Procedure, which precludes review of subsequent applications unless certain exceptions apply.[23]

Review of the decision reached by the state habeas corpus court in 2015, which is the subject of the pending Petition, confirms that the ultimate decision to deny relief was based on an interpretation of state law regarding whether the trial court correctly imposed a stacked sentence in 2010. It is well established that a state court's decision based on state law is entitled to considerable deference on federal habeas review. See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law") (quoting Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir 1985)).

The petitioner has not shown that the state habeas corpus court's decision to deny relief was incorrect when it was made in 2015.[24] Even assuming that there was an error under state law, the

---

[23]See Ex parte Steve Vic Parker, aka Jerry Wilson, Writ No. 22,317-25, slip op. pp. 1-2 (Tex. Crim. App. June 28, 2017), available at Texas Judicial Branch website, http://search.txcourts.gov (last visited Nov. 6, 2019).

[24]To the extent that the petitioner now claims that he is entitled to relief for reasons that he attempted to litigate in state court after he filed the Petition in this case in 2015, this
(continued...)

petitioner cannot show that he is entitled to federal habeas corpus relief. The Supreme Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984). "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." Lawrence v. Lensing, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. Pemberton v. Collins, 991 F.2d 1218, 1223 (5th Cir. 1993).

The petitioner does not establish that the state habeas corpus court's decision regarding the calculation of the seven-year sentences that he received in McLennan County Cause number 2010-

---

[24](...continued)
new claim has not been properly raised in this proceeding, which concerns only whether relief was improperly denied in 2015. The petitioner has not requested leave to amend or supplement his Petition to include this argument as a new claim based on a change in state court decisional law referenced by the dissenting opinion that he provides. See McCoskey v. Thaler, 478 F. App'x 143, 2012 WL 1933570 at *9 (5th Cir. May 29, 2012) (citing Fed. Civ. P. 15(a) and United States v. Sangs, 31 F App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 context, the district court's refusal to consider an issue raised for the first time in reply to the government's answer to a habeas petition) (citations omitted)). More importantly, the error, if any, concerns an issue of state law that the Texas Court of Criminal Appeals has considered and declined to remedy, rejecting the claim under Tex. Code Crim. Proc. Art. 11.07 § 4(a).

447-C1 violated clearly established law decided by the United States Supreme Court. Absent a showing that the state court's decision to deny relief was contrary to or involved an unreasonable application of the law as established by the United States Supreme Court, the petitioner has not established that he is entitled to federal habeas relief. Therefore, the respondent is entitled to summary judgment on Claim 1.

**B.   Claim 2: Petitioner's Claim That He is Entitled to Immediate Release**

In Claim 2, the petitioner contends that he was denied due process when he was arrested and returned to TDCJ in 2013, following his erroneous release from prison.[25] He contends that the procedures employed were defective and that he is entitled to immediate release because he should have been allowed to remain on mandatory supervision.[26]

The respondent correctly notes that this claim is now moot because the petitioner has been released from prison onto mandatory supervision. The Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998); see also Already, LLC v Nike, Inc., 133 S. Ct. 721, 726-27 (2013)

---

[25]Petition, Docket Entry No. 1, pp. 16-17.

[26]Id.; see also Petitioner's Reply to the Respondent's Motion for Summary Judgment, Docket Entry No. 37, pp. 5-6, 10-11.

12

(holding that a case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted).

Because the petitioner has been released to mandatory supervision there is nothing for this court to remedy where his allegations in Claim 2 are concerned. As a result, Claim 2 is now moot. See Spencer, 118 S. Ct. at 983. Therefore, Respondent's MSJ on this issue will be granted and this case will be dismissed.

## IV. **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because reasonable jurists would not debate whether any ruling in this case was correct or whether the petitioner states a valid claim for relief from the challenged state court decision that was made in 2015, a certificate of appealability will not issue.

## V. CONCLUSION

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment with Brief in Support (Docket Entry No. 36) is **GRANTED**.

2. The habeas corpus petition filed by Steve Vic Parker a/k/a Jerry Wilson is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 13th day of November, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE